BELAWSKI *v.* UNION TRUST CO.

1. EMINENT DOMAIN—NO TAKING UNTIL NECESSITY DETERMINED AND COMPENSATION PROVIDED FOR.

In condemnation proceedings for the purpose of widening a street, there can be no taking of private property under the Constitution (Art. 13, § 1) and the statute (1 Comp. Laws 1915, § 3391) until the necessity therefor has been determined and compensation made or secured by placing it in the city treasury.

2. SAME—OWNER WHO PARTS WITH TITLE BEFORE AWARD MADE NOT ENTITLED TO RECEIVE SAME.

The vendee in a land contract who assigned her interest therein after the city council had adopted a resolution declaring the taking of a portion of the land conveyed necessary for the purpose of widening a street, had filed a petition therefor in court, and had recorded notice of *lis pendens*, but before any award had been made, was not entitled to any portion of the award, since she sustained no damage, having parted with all her interest before there was any taking.

Appeal from Wayne; Fead (Louis H.), J., presiding. Submitted June 8, 1927.    (Docket No. 30.)    Decided October 3, 1927.

Bill by Jadwiga Belawski against the Union Trust Company and others to establish her right to an award in condemnation proceedings.    John Turowski and another were allowed to intervene as parties defendant, and filed cross-bills claiming the award.    From a decree for plaintiff, cross-plaintiffs appeal.    Reversed, and decree entered for cross-plaintiffs.

[1]Eminent Domain, 20 C. J. §§ 113 (Anno), 269; [2]Id., 20 C. J. § 292.

*Ira F. Morgan* (*John L. Wallace,* of counsel), for plaintiff.

*Joseph L. Ruby* (*Leopold D. Mayer,* of counsel), for cross-plaintiffs.

MCDONALD, J.   In widening Joseph Campau avenue in the city of Detroit, it became necessary to condemn a portion of two lots of which Thad. E. Leland, Inc., was the owner of the fee and on which the defendant Union Trust Company held a mortgage.   The plaintiff, Jadwiga Belawski, was vendee in a land contract from Thad. E. Leland, Inc.   No fault is found in the condemnation proceedings.   The resolution of necessity was adopted by the city council on February 6, 1923.   Proceedings were begun by petition in the recorder's court, May 8, 1923, and at the same time a notice of *lis pendens* was filed with the register of deeds of Wayne county.   On November 1, 1923, the jury awarded compensation in the sum of $617.22, which was apportioned as follows:   To the Union Trust Company, mortgagee, $56.12; to Thad. E. Leland, Inc., and Jadwiga Belawski, owners, $561.10.   Judgment confirming the award was duly entered, and the parties signed and delivered a satisfaction of such judgment.   A check in payment of the award was issued by the city payable to the Union Trust Company and Jadwiga Belawski.   The city stopped payment on the check because it had received notice that before the award was made Jadwiga Belawski had parted with all of her interest in the property by assignment of her contract.   Thereupon Jadwiga Belawski filed this bill to restrain the payment to other claimants and to compel payment to her in accordance with the award. John Turowski and Walter Szewczuk were allowed to intervene and were made parties defendant.   They filed a cross-bill reciting their interest and praying that the award be decreed to belong to them.   On

the hearing, the court dismissed their cross-bill and entered a decree for the plaintiff. Turowski and Szewczuk have appealed.

. The question involved is, Who is entitled to the award? and this question may be answered by determining when there was a taking of the property within the meaning of the Constitution. If there was a taking prior to June 15, 1923, the plaintiff is entitled to the award. If there was not, it belongs to Turowski and Szewczuk. On the 15th of June, 1923, the plaintiff sold and assigned her interest in the contract. The assignment is as follows:

"In consideration of one dollar to me in hand paid I do hereby sell, assign, and transfer unto Waslaw Dlugokencki and John Turowski all my right, title, and interest in and to the within contract and advantages to be derived therefrom."

Prior to this assignment the city council had adopted the resolution declaring the taking a necessity, had filed the petition in the recorder's court and had recorded notice of *lis pendens.* The award was made October 2, 1923. So that, unless the adoption of the resolution of necessity, or the commencement of proceedings in court, or the filing of *lis pendens* constitutes a taking, the plaintiff has no interest in the award, because damages do not accrue or become vested in the owner until there is a taking.

Section 1, article 13, of the Constitution of Michigan, provides that:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation being first made or secured in such manner as shall be prescribed by law."

The manner prescribed by law is as follows:

"Whenever the amount of the compensation is in the treasury and thus secured to be paid, the common

council  *  *  *  may enter upon and take possession of and use such private property for the purposes for which it was taken." 1 Comp. Laws 1915, § 3391.

The language of the constitutional provision and of the statute is plain and unambiguous. There can be no actual taking until the necessity therefor is first determined and compensation made or secured by placing it in the city treasury. In this State these are conditions precedent to the passing of the title or the taking of the property. In notes to *Fort Wayne, etc., Traction Co.* v. *Fort Wayne, etc., R. Co.,* 16 L. R. A. (N. S.) 537, it is said:

"Most States have constitutional provisions forbidding the taking of private property without just compensation, or without just compensation being first paid, or first paid or secured, and the like. It may be laid down as a universal rule that, under constitutions forbidding the taking of private property without just compensation being first made, actual payment or tender of the amount of the final award is a condition precedent to the divesting of the title of the owner to his land or easement and its vesting in the condemning party;" citing cases.

But in 4 McQuillin on Municipal Corporations, p. 3095, the author says that the present tendency is not to limit the taking "to the actual physical appropriation of the property or to the divesting of the title," but that a landowner's property may be taken, "in the constitutional sense, though his title and possession remain undisturbed;" and he lays down a general rule, which he says is based upon the nature of property itself,

"that, whenever the lawful rights of an individual to the possession, use or enjoyment of his land are in any degree abridged or destroyed by reason of the exercise of the power of eminent domain, his property is, *pro tanto,* taken, and he is entitled to compensation."

*Warren* v. *Railroad Co.,* 21 Minn. 424, is one of the

cases supporting this view.    It was there held that, when the award is made, there is a constructive taking, and that the right to compensation should be fixed as of that time.    We quote:

"From the time of the award, he is practically deprived of his right to dispose of the land.    His possession is precarious, liable to be terminated at any time; he cannot safely rent; he cannot safely improve; if he sows, he cannot be sure that he will reap."

See, also, 20 C. J. p. 861, note 78.

But it is immaterial in the instant case whether we say that the taking was of the date of the award or when compensation was made or secured.    The plaintiff was not the owner and had no interest in the property at either time.    She had parted with all interest by unconditional assignment more than three months before the award was made.    Before the assignment no damages had accrued to her.    The award belonged to the owner at the time of the taking. She was not the owner.    She was in possession, by what right it does not appear, but her possession was not disturbed.    She suffered no injury and was entitled to no compensation.

By assignment, the defendant Walter Szewczuk has taken the interest of Waslaw Dlugokencki, assignee of the plaintiff.    No sufficient reason is shown why he should not be allowed to share the award with the other assignee.

No other questions require discussion.

A decree will be entered in this court dismissing the plaintiff's bill, and granting the relief prayed for by the cross-plaintiffs.    The appealing defendants will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.