CLEAVER *v.* BOARD OF EDUCATION OF CITY OF DETROIT.

1. EMINENT DOMAIN—TITLE—RESERVATION—DEEDS.

Where, in condemnation proceedings, title to certain lots became complete in board of education by its deposit of amount of compensation awarded, said title was not affected by subsequent deed with attempted reservation therein.

2. SAME—ASSUMPTION—RIGHTS APPURTENANT TO LAND—REVERSION-
ARY INTEREST.

  Where, in proceedings to condemn certain lots, record does not
    show any restriction in rights sought, it must be assumed that
    said proceedings covered all rights appurtenant to said lots,
    including owner's reversionary interest in streets (3 Comp.
    Laws 1929, § 13262).

3. SAME—REJECTION OF EVIDENCE—APPEAL AND ERROR.

  Rejection of evidence on value of street as increased acreage be-
    cause of right of reverter on possible future vacation of
    street, in condemnation proceedings, did not limit judgment
    to land contained within platted lot lines exclusive of rever-
    sionary interest in street; remedy for said error, if any, be-
    ing by direct review.

4. SAME—JUDGMENT OF CONDEMNATION COVERED ALL OF OWNER'S
INTEREST.

  Where description of property according to plat carried with it
    such rights in abutting streets as are appurtenant to land,
    judgment of condemnation covered all of owner's interest in
    condemned lots in said plat, including reversionary interest
    in streets (3 Comp. Laws 1929, § 13262).

Appeal from Wayne; Pugsley (Earl C.), J., pre-
siding. Submitted April 5, 1933. (Docket No. 22,
Calendar No. 37,063.) Decided May 16, 1933.

Ejectment by Warren M. Cleaver against Board
of Education of City of Detroit to obtain possession
of land formerly used for street purposes. Judg-
ment for defendant. Plaintiff appeals. Affirmed.

*D. B. Richardson,* for plaintiff.

*William J. Kent* (*Clarence E. Wilcox,* of counsel),
for defendant.

FEAD, J. In December, 1929, defendant filed peti-
tion to condemn, for school purposes, certain lands
in Detroit, including two lots abutting on Roselawn
avenue belonging to Mary D. Brown. Judgment of
condemnation was confirmed April 24, 1930.

May 20, 1930, the common council of the city of Detroit vacated that part of the plat containing the Brown lots, including the portion of Roselawn avenue adjacent thereto. Thereupon title to the half of the avenue adjoining the lots vested in the owner of the lots under 3 Comp. Laws 1929, § 13262, and also under the terms of the plat.

June 7th the amount of the award to Mrs. Brown for her lots was deposited with the treasurer of the board of education, as provided by 1 Comp. Laws 1929, § 3778, and right to take possession accrued in defendant.

September 12, 1930, Mrs. Brown conveyed the lots, and others, to defendant by warranty deed and received the amount of the award. The deed provided:

"Saving and reserving to herself all reversionary interest in the street and alley abutting upon the above lots whenever vacated."

The record does not show the circumstances under which Mrs. Brown executed the deed, to indicate waiver by defendant of any rights under the condemnation proceedings. Defendant's title had become complete when the deposit was made on June 7th or before, and was not affected by the deed.

In the condemnation proceedings counsel for Mrs. Brown had moved the court to take evidence on the value of the street as increased acreage because of the right of reverter on future possible vacation of the avenue. The court denied the motion. It is claimed this incident restricted the property condemned to that within the lot lines.

Shortly after receiving the award, Mrs. Brown made demand for and brought this action of ejectment to obtain possession of the 25-foot strip adjoining the lots which had been part of the street.

She later conveyed to plaintiff, who was substituted for her in this suit.

Plaintiff's claim is that title to the lots did not pass to defendant until the award was secured by deposit or paid, which was after vacation of the street; that as Mrs. Brown was owner of the lots at the time of vacation the title to the street vested in her by reversion, both under plat and statute; and, as only the land within platted lot lines was condemned, defendant took no title to the street.

Whether title passes on confirmation of the judgment in condemnation by public bodies or not until deposit or payment of the award, in the absence of express provision of statute, does not seem to be entirely free from controversy in this State.

See *Campau* v. *City of Detroit,* 225 Mich. 519 (32 A. L. R. 91) ; *Belawski* v. *Union Trust Co.,* 240 Mich. 429; *People, ex rel. Green,* v. *Railroad Co.,* 3 Mich. 496; *Burke* v. *City of River Rouge,* 240 Mich. 12; *Rosen* v. *City of Detroit,* 242 Mich. 690.

However, we do not think determination of the precise moment when title technically passes is necessary to decision here.

The record does not show that by pleading, stipulation, or concession defendant restricted its petition for condemnation to the land contained within the platted lot lines exclusive of appurtenant rights in the street. Therefore, it must be assumed that defendant was seeking condemnation of all premises and rights which the description in the petition carried. The rejection or admission of evidence on values in the proceedings could not change the effect of the judgment. The remedy for error in such respects was by direct review.

The judgment of condemnation covered all interest of Mrs. Brown in the lots. It included her reversionary interest in the street, because the de-

scription of property according to a plat carries with it such rights in an abutting street as are appurtenant to the land. *Cincinnati, etc., R. Co.* v. *Railroad Co.,* 106 Mich. 473; *Michigan Central R. Co.* v. *Miller,* 172 Mich. 201.

The rights of the parties were concluded by confirmation of judgment, both as to amount of award and the premises taken. Mrs. Brown retained right of possession pending deposit or payment of the award. But when the deposit was made, all title and rights which she had at the time of judgment became finally vested in defendant. The intermediate change in the status of the premises did not accrue to her benefit because it arose out of title adjudged condemned.

Judgment for defendant affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.