## CONZELMAN v. CITY OF DETROIT.

1. Taxation—Service of Notice to Redeem from Tax Sale—Easements for Highway Purposes—Parties.

Failure of assignee of purchaser at tax sale to serve notice upon state to redeem parcel of land over portion of which easement had been granted for city street purposes because easements for highway uses belong to State for purposes of public travel *held,* unnecessary since State was grantor under tax deed, title to easement was vested in city for maintenance of street although public in general has right to use of street and pertinent statute merely required service on last grantee of record of any interest in chain of title (1 Comp. Laws 1929, § 3535).

2. SAME—NOTICE TO REDEEM—EASEMENTS FOR HIGHWAY PURPOSES—
REVERSIONS.

Service of notice to redeem from tax sale upon owner of rever-
sionary interest of land deeded to city for easement for street
purposes because, in event of vacation, rights in abandoned
street vest in owners of adjacent parcels of property *held*, un-
necessary where assignee of purchaser at tax sale himself
acquired such reversionary interest (3 Comp. Laws 1929,
§ 13262).

3. SAME—CREDIT NOT EXTENDED AT TAX SALE.

Contention that tax deed was invalid because credit was extended
to tax title purchaser at tax sale *held*, not sustained under
*In re Petition of Auditor General*, 275 Mich. 53, holding sale
was not on credit under certain circumstances.

Appeal from Wayne; Lamb (Fred S.), J., pre-
siding. Submitted June 16, 1937. (Docket No. 129,
Calendar No. 39,408.) Decided September 1, 1937.

Bill by Ralph L. Conzelman against City of De-
troit to quiet title to real estate. Decree for plain-
tiff. Defendant appeals. Affirmed.

*Paul Bairas,* for plaintiff.

*Walter Barlow (Raymond J. Kelley,* of counsel),
for defendant.

NORTH, J. By a bill in chancery filed in this case
plaintiff asks that a cloud upon the title of a small
parcel of land be removed. The cloud consists of a
property right asserted by the city of Detroit, de-
fendant herein. After hearing in the circuit court a
decree was entered granting the relief sought. The
defendant has appealed.

The property involved can be sufficiently desig-
nated as the northerly portion of the westerly half
of lot 41 of Parker, Schunk & Fry's subdivision, for-
merly in the village of Redford, now in the city of

Detroit, Wayne County. Plaintiff claims he acquired title to the westerly half of lot 41 through a tax deed from the State of Michigan. On May 4, 1926, this property was offered for sale for the unpaid taxes of 1923. Sale was made to Manuel Faust and a certificate issued to him. This certificate was assigned to plaintiff who thereafter served notices to redeem and claims that he otherwise complied with the requirements of the statute in consequence of which he became vested with the title. The tax deed was dated July 23, 1927, and recorded April 12, 1928. Prior to the tax sale, title in fee to this property was in the Oak Grove Land Company, a Michigan corporation. By quitclaim deed dated December 20, 1927, the Oak Grove Land Company conveyed to the city of Detroit the westerly half of lot 41, but specified in the deed that the conveyance was "for street purposes only." This deed was recorded April 4, 1928. Appellee by quitclaim deed granted street rights in the southerly portion of the west half of lot 41; so, as above indicated, this suit concerns only the northerly portion of the west half of lot 41. By warranty deed dated May 22, 1928, the Oak Grove Land Company conveyed to plaintiff the easterly half of lot 41 and also lot 40, lying immediately east of 41. Notice to redeem from the tax sale the westerly half of lot 41 was served upon the defendant city of Detroit August 13, 1928, such service being necessitated because the city's quitclaim deed from the Oak Grove Land Company to this property was then a matter of record in Wayne County. The city made no attempt to redeem.

The validity of the tax title asserted by plaintiff is questioned by defendant upon two grounds: (1) Because notice to redeem was not served upon the

proper and necessary parties to perfect plaintiff's tax title; and (2) that at the time of the tax sale the county treasurer extended credit to Manuel Faust, the tax purchaser, in consequence of which the sale was void.

Appellant contends that the quitclaim to the city conveyed merely an easement "for street purposes only;" and that since easements for highway uses belong to the State of Michigan for the purposes of public travel, service of notice to redeem should have also been made upon the State. We think this contention is not tenable. Seemingly it would be a strange requirement that notice to redeem should be served upon the State which was the grantor in the tax deed. But aside from this we think it must be held as a matter of law that the title to Chapel avenue or the easement rights therein were vested in the city of Detroit. The quitclaim deed named the defendant as grantee. The westerly portion of lot 41 in suit was conveyed "for street purposes only" in contemplation of using the same in widening Chapel avenue. While the public in general has the right to use such a street in the regular course of travel, still it must be held that the title or easement rights necessary for the maintenance of such a city street are vested in the city.

Furthermore, the pertinent portion of the statute providing upon whom the notice to redeem from the tax sale shall be served is that such service shall be "upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of the delivery of such notice to the sheriff for service." 1 Comp. Laws 1929, § 3535. Clearly under the above quoted provision the service

was required to be made upon the city of Detroit, not upon the State of Michigan.

Appellant further claims that although notice was properly served upon the city, inasmuch as the city was only the possessor of an easement right which would revert in event the property ceased to be used for street purposes, therefore it was necessary to serve a further notice to redeem upon the holder of such reversionary right. Without so deciding, we may assume for the purposes of decision herein that the city's claim above outlined is correct; but even so decision of the instant case is not materially affected thereby. This is true because in the event a street easement is vacated the reversionary property rights in the abandoned street vest in the owners of the adjacent parcels of property. 3 Comp. Laws 1929, § 13262; *Cleaver* v. *Board of Education of City of Detroit,* 263 Mich. 301. In the instant case prior to the time notices to redeem from the tax sale were served plaintiff had become the owner of the property adjacent to the parcel here in suit, and in consequence thereof was then possessed of the contingent reversionary rights, if any. In such a situation appellant's contention would merely amount to requiring plaintiff to serve notice on himself of the right to redeem from the tax sale. Surely there is no necessity in law for such an idle ceremony.

Appellant's contention that appellee's tax deed is invalid because at the tax sale credit was extended to the tax title purchaser cannot be sustained. This question is determined by our decision in *Re Petition of Auditor General,* 275 Mich. 53 (104 A. L. R. 813).

The decree entered in the circuit court is affirmed, with costs.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.