*In re* OPENING LEIB STREET.

CITY OF DETROIT *v.* AUSTIN METAL PRODUCTS, INC.

1. EMINENT DOMAIN—TENANT—FIXTURES—MEASURE OF DAMAGES.
   A tenant of real estate at time proceedings are instituted to condemn it for public use is entitled to jury determination of just compensation in its favor for the decreased value of its severed fixtures to the extent of the cost of detaching them and reattaching them elsewhere.

2. SAME—TENANT—REMOVAL OF FIXTURES DURING PENDENCY OF CONDEMNATION PROCEEDINGS—RIGHT TO AWARD—UNJUST ENRICHMENT.
   A tenant who in good faith removes fixtures from property sought in condemnation proceedings and reattaches them elsewhere during pendency of the proceedings did not thereby destroy its right to hearing and due assessment of just compensation, since to do so would effect an unjust enrichment of the condemnor at the expense of the tenant; the leasehold being "property" the taking of which entitled the tenant to just compensation.

3. COSTS—CONDEMNATION PROCEEDINGS—TENANT.
   No costs are allowed in condemnation proceedings wherein it is determined tenant was entitled to jury determination of its damages for removal of fixtures and reattachment elsewhere during pendency of proceedings, where appeal is submitted to the Supreme Court upwards of 4 years after claim of appeal was filed in trial court.

Appeal from Recorder's Court for the City of Detroit; Schemanske (Frank G.), J. Submitted November 12, 1957. (Docket No. 98, Calendar No. 45,860.) Decided March 5, 1958.

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Eminent Domain §§ 232, 254.
[1, 2] 18 Am Jur, Eminent Domain § 255.

Condemnation proceedings by the City of Detroit, a municipal corporation, to take property occupied by Austin Metal Products, Incorporated, a Michigan corporation. During proceedings, company secured new location. Plaintiff sought to dismiss, but defendant claimed expense of moving personal property. From order of dismissal, defendant appeals. Reversed.

*Paul T. Dwyer,* Corporation Counsel, and *Robert Reese,* Assistant Corporation Counsel, for plaintiff.

*Bratton, Bratton & Brooke* (*Harry L. Gervais,* of counsel), for defendant.

Black, J. Here the law's evil incubus, adjournment and delay, has created the justiciable question defendant Austin brings by appeal from the recorder's court of Detroit. But for unexplained continuances of this special and supposedly summary proceeding, starting on the first trial date as set, the presiding judge would not have been confronted with the question we now scrutinize. Which is to say that more proof, that procrastination in our trial courts usually adds to the burden of judges as well as litigants, has arrived in this appellate Court.

March 5, 1952, Detroit filed in her recorder's court the instant petition for acquisition, by authority of eminent domain, of certain parcels of real estate described therein. Premises (designated as parcel 2) occupied by defendant Austin in carrying on the business of "metal products fabrication" were included. Austin, being lessee of parcel 2, was duly named and made a party to the proceeding by proper allegation of its leasehold interest. Process was promptly served on Austin and the defendant owner-landlord. The proceeding was duly set for hear-

ing on October 1, 1952. We list the relevant calendar entries as follows:

"1952  *  *  *

"Oct. 1. Trial called and adjourned without date.
"1953  *  *  *

"Feb. 17. Called for trial and adjourned to February 26, 1953.

"Feb. 26. Jury empaneled and sworn and proceed in company of a deputy sheriff to view property.

"Feb. 27. Trial in progress.

"Mar. 2. Petitioner's motion to dismiss as to Austin Metal Products heard and taken under advisement to March 4, 1953.

"Mar. 4. Court grants motion to dismiss as to Austin Metal Products. Jury hears arguments of counsel, charge of court, retire in charge of an officer sworn to attend them and after a time return a verdict in favor of necessity in the sum of $82,370.

"Mar. 18. Verdict confirmed; treasurer's affidavit filed claim of appeal on behalf of Austin Metal Products filed and appeal fee paid."

Since the presently stated question comes to us on strength of representations—in the nature of opening statements by counsel—made to the court when the "motion to dismiss as to Austin" was made, we turn to such representations. It appears therefrom that subsequent to filing of said petition representatives of the plaintiff examined the manufacturing fixtures Austin had theretofore installed in and about the leased premises; that they then and there notified Austin of plaintiff's continued intention to acquire the premises in pursuance of the pending proceeding, and that Austin "had better begin to look around for a new place." It further appears that Austin thereafter (subsequent to the first hearing date as set but prior to the delayed actual start of hearing) "sought other quarters and moved  *  *  * because of the pending condemnation proceedings,"

taking its said fixtures along. It appears further (from a stipulation of counsel set forth in the record) that Austin at the time said motion to dismiss was presented made formal and detailed offer of proof of damages allegedly sustained by it—as such lessee—on account of institution of the proceeding and the actual taking of the leased premises, the aggregate of such claimed damages being $19,090.82.

The question is whether the presiding judge was right in dismissing Austin with prejudice, after the hearing belatedly commenced, for reasons given by him as follows:

"The property taken is to be compensated for in the award. But that must be property in which the party who receives compensation has an interest at the time of the taking as was held in *Belawski* v. *Union Trust Co.*, 240 Mich 429. By giving up its month-to-month tenancy prior to the award, this defendant Austin Metal Products has placed itself in the same position as the plaintiff Belawski. At the time the verdict is rendered, it will have, and now has no interest in the property for which compensation is awarded. By virtue of the above-recited decision and the charter provision as well as the inherent power of the court to dismiss a defendant who is not a real party in interest, the court hereby grants the motion of the corporation counsel that defendant, Austin Metal Products be dropped as a party defendant herein, for lack of interest of the said party in the property which is the subject matter of this proceeding."

We are constrained to hold such reasoning erroneous. In the first place, and when the proceeding was instituted, Austin was clearly entitled to jury determination of just compensation in its favor for the decreased value of its severed fixtures, "to the extent of the cost of detaching and reattaching them elsewhere" (*In re John C. Lodge Highway*, 340 Mich

254, 262). Any other construction of the Detroit city charter* would give rise to grave constitutional questions. In the second place, and as to *pendente* removal by Austin of its fixtures to another location (manifestly with aim of continuity of its manufacturing operations without too great loss), Austin did no more than attempt, most commendably, to lessen the compensatory amount measured by *Lodge* to which it became entitled on taking of the premises forming the leasehold. Such removal of fixtures by Austin did not destroy its right to hearing and due assessment of just compensation, good faith on its part being evident from the opening statement of counsel.

Austin's leasehold was "property," for the taking of which Austin became entitled to just compensation (*City of Detroit* v. *C. H. Little Co.,* 141 Mich 637). Such being the case, and the reasons for application of the doctrine being comparably greater and more appealing here, we perceive no reason why Detroit should not again be held estopped, as in *City of Detroit* v. *C. H. Little Co.,* 146 Mich 373, from insisting that Austin's action pending the proceeding destroyed its right to just compensation and jury determination thereof. To deny Austin such right would, we opine, unjustly enrich Detroit at the expense of Austin contrary to tenets repeated in *Lodge* at page 264 of report.

We do not view *Belawski* v. *Union Trust Co.,* 240 Mich 429 (cited by the presiding judge) as opposing views expressed above. There the plaintiff filed a bill to restrain payment, to her assignees, of part of an award theretofore made in condemnation proceedings. We held that the plaintiff was not entitled to such relief and that her assignees were entitled to that which she had duly transferred to them. *Belawski* thus differs from the case before us in this:

---

* The proceeding was instituted under sections 1 through 24 of chapter 1 of title 8 of the Detroit city charter.

Here defendant Austin's originally admitted and unassigned right to an award (in some amount) has been denied, unconditionally and with prejudice. In *Belawski* the involved portion of the duly adjudged award was, by decree in equity, paid to those who were determined to be the rightful recipients thereof.

Reversed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.