COUNTY OF CONTRA COSTA, Respondent, v. EAST BAY MUNICIPAL DISTRICT et al., Defendants; PATRICK J. MURPHY et al., Appellants.

Phillip M. Millspaugh for Appellants.

John A. Nejedly, District Attorney (Contra Costa), and John B. Clausen, Assistant District Attorney, for Respondent.

DUNIWAY, J.—Action to condemn a strip of land and an adjacent easement for drainage. The sole question involved is whether it was error to permit plaintiff's counsel, in cross-examining an expert who had testified for defendants as to the value of the property to be taken, to bring out the fact that in another case the expert had expressed a markedly different opinion as to the value of a comparable property. We find no error.

The county sought to condemn a strip of plaintiff's land, in fee, containing 4,972 square feet, and a drainage easement containing 3,948 square feet, both for road purposes. The expert testified that the two parcels (8,920 square feet) had a value of $4,211 and that the taking of the easement was equivalent in value to the taking of a fee in the property subject to the easement. He fixed severance damage at $9,489 additional. The jury awarded a total of $535.

The appealing defendants' land is on San Pablo Dam Road, extending at the rear to San Pablo Creek. It has a frontage of 331.45 feet on the road. It is zoned residential, with minimum lot size of 7,000 feet, 70-foot frontage. The strip of land taken in fee is 15 feet wide, along San Pablo Dam Road, and the drainage easement is for a slope along the strip and a culvert at one end, near a corner of defendants' property. After the taking, there was still enough depth from the road to satisfy the lot size requirements with minimum 70-foot frontage.

The witness testified on September 4 and 8, 1958. On cross-examination, he was asked whether on February 4, 1958, he had testified, in another condemnation action, as to the value of another piece of property. Counsel for defendants objected. This property was located on the same road, half to three-quarters of a mile away, zoned the same. It was narrower. The shape of both parcels appeared on the witness' map. It also backed up on the creek. The witness stated that it was less flat, but that the "drainage fee" taken was very similar. The property was closer to the shopping center, which the witness said made it less valuable than defendants' property. Counsel's objection was: "He is here as an expert, giving his opinion as to the value of a particular property in question. What he gave as his opinion on another case is certainly far beyond the scope of the rules of going into hearsay and it is not relevant in any respect in this case . . ." The objection was overruled, the court saying: "I don't see where hearsay

is involved. You may impeach him by showing at other times he made statements inconsistent with his present testimony. . . . That's for the jury to determine whether they are or are not inconsistent.''

The witness then testified that he had valued the other property at 10 cents per square foot as against 43 cents in this case and that he had valued the easement taken in the other case at one dollar. He was given ample opportunity to dilate upon the differences between the two properties. His own counsel asked no questions about the comparability of the parcels, either by way of voir dire or on redirect examination.

The ruling of the court was correct. ▮▮ It is hornbook law that a witness may be impeached by prior inconsistent statements. (Code Civ. Proc., §§ 1847, 1868, 1870, subd. 16, 2052.) ▮▮ When an expert gives testimony as to the value of land, he states, under oath, that his opinion is in fact what he says it is. Any experienced trial lawyer knows how difficult it is to show, either that it is not in fact his opinion or that, if it is really his opinion, it is not soundly based. It is no doubt for this reason that wide latitude is permitted in cross-examination.

▮▮ If the facts are such that the other property can fairly be said to be comparable, and if the difference in time is not great enough to make the two opinions not really inconsistent, the testimony as to the witness' own valuation of the other property is clearly within the bounds of proper impeachment. It has been held that a different opinion of the same witness about the same property may be brought out for impeachment purposes. (*San Diego Land etc. Co. v. Neale,* 88 Cal. 50, 67 [25 P. 977, 11 L.R.A. 604] ; *People* ex rel. *Dept. Public Works* v. *Murata,* 161 Cal.App.2d 369, 379-380 [326 P.2d 947]. *Cf. People* v. *Donovan,* 43 Cal. 162, 165-166.) The difference between such a case and the one at bar is one of degree only and the court properly exercised the wide discretion that it has (*Los Angeles City High School Dist.* v. *Kita,* 169 Cal.App.2d 655 [338 P.2d 60]). A decision similar to ours appears in the case of *Basch* v. *Iowa Power & Light Co.* (1959), —— Iowa —— [95 N.W.2d 714]. And see 3 Wigmore, Evidence (3d ed. 1940) 733, § 1041.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 3, 1960.