242 So.2d 481 (1971)
Shelby P. LANGSTON and Martha Langston, His Wife, Appellants,
v.
CITY OF MIAMI BEACH, Appellee.
Arthur M. BETTMAN and Alice Belle Bettman, His Wife, Appellants,
v.
CITY OF MIAMI BEACH, Appellee.
Nos. 69-1102, 69-1103.
District Court of Appeal of Florida, Third District.
January 5, 1971.
*482 L.L. Robinson, Miami, for appellants.
Joseph A. Wanick, City Atty., and John R. Farrell, Asst. City Atty., for appellee.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellants seek review of an adverse final judgment of condemnation, entered by the trial court pursuant to a jury verdict.
The City Council of Miami Beach adopted a resolution authorizing acquisition of certain properties, including that of the appellants, by condemnation for use as an oceanfront public park. The property concerned herein is two lots which are bounded in the east by the Atlantic Ocean and on the west by a thirty foot strip known as Atlantic Way [which is a private street],[1] and on the north and south by adjoining lots. The appellants, in answering the petition for condemnation, sought compensation for their ownership to the center of the abutting private right-of-way and sought to be compensated for the taking of their land at the value it would be without the threat of condemnation and at its value if it had been or was put to its highest and best use. Pursuant to the appellees' ore tenus motion, the trial court struck the appellants' claim for compensation for loss of any alleged interest in the private right-of-way. Issue being joined, the cause proceeded to a jury trial, resulting in the final judgment of condemnation appealed. The appellants have preserved the following points for review:
1. That the trial judge erred in striking that portion of their claimed ownership of the private right-of-way. 2. That error was committed in permitting, over objections, the property owners' expert witnesses to be examined relative to prior inconsistent statements as to the value of the property in question. 3. That it was error to enter his final judgments, as the verdicts did not reflect that the jury affixed a value to the property considering its highest and best use. 4. That it was error to enter the final judgments, when the verdicts were induced because of the prospective threat of condemnation decreasing the value of the property involved. We reject all the contentions preserved[2] by the appellants, and affirm.
As to the first contention, the appellants received deeds which conveyed to them certain lots in a given subdivision, with no reference to any interest in the abutting streets. These were the same lots *483 which were condemned by the City by its action. It took from the property owners exactly what they had received in their original conveyances. Upon a completion of the condemnation, the condemning authority occupied the same status as a bona fide purchaser for value. Chesapeake & Ohio Canal Co., Inc. v. Great Falls Power Co., 143 Va. 697, 129 S.E. 731. Undoubtedly, if the property owners in the instant case had conveyed the lots in question to a third person upon a bona fide sale, they would have retained no rights in the abutting streets [Smith v. Horn, 70 Fla. 484, 70 So. 435; Servando Building Company v. Zimmerman, Fla. 1956, 91 So.2d 289], and they should not now be entitled to claim any rights upon a purchase by the municipality in the exercise of its power of eminent domain. Further, it has been held that a description by lot and block per a recorded plat is sufficient to carry with it any interest in an abutting street. See: Cincinnati, S. & M.R. Co. v. Bay City & B.C.R. Co., 106 Mich. 473, 64 N.W. 471; Michigan Cent. Ry. Co. v. Miller, 172 Mich. 201, 137 N.W. 555; Cleaver v. Board of Education of City of Detroit, 263 Mich. 301, 248 N.W. 629; Amerman v. Missouri, K. & T. Ry. Co. of Texas, Ct. of Civ.App. Texas 1916, 182 S.W. 54.
As to the second contention, no error is demonstrated in the use of prior testimony as to value of the property by the owners' experts. Although this evidence was given at another time and place and might not have been admissible in chief, it was available for impeachment purposes. City of Tucson v. LaForge, 8 Ariz. App. 413, 446 P.2d 692; County of Contra Costa v. East Bay Municipal District, 175 Cal. App.2d 834, 1 Cal. Rptr. 60; State ex rel. Symms v. Cole Fire Protection District, 92 Idaho 810, 451 P.2d 1011.
As to the third contention, the jury verdicts were within the range of the expert testimony and there was no probability shown that this property would be rezoned to permit a higher economic use. Therefore, no error has been made to appear. Meyers v. City of Daytona Beach, 158 Fla. 859, 30 So.2d 354; Board of Commissioners of State Institutions v. Tallahassee Bank and Trust Company, Fla.App. 1958, 108 So.2d 74, writ of certiorari quashed Fla., 116 So.2d 762; Sallas v. State Road Department, Fla.App. 1959, 220 So.2d 378.
Lastly, the trial court properly instructed the jury on the effect of a threat of condemnation on the value to be affixed. This was appropriate. State Road Department v. Chicone, Fla. 1963, 158 So.2d 753. Further, from an examination of the evidence, it is apparent that the property owners' experts [in determining comparative values] used property outside of the area threatened by condemnation and this was before the jury.
Therefore, for the reasons above stated, the final judgments here under review be and the same are hereby affirmed.
Affirmed.
NOTES
[1] "* * * that the tract shown, marked and designated on said plat as `Airoso Way', is hereby granted, reserved and limited to the private use only of the present or future owner or owners of said Altos Del Mar Subdivision Number 2, or of any part thereof; provided that said Airoso Way, or any block thereof, may be closed and vacated, upon the written consent of all the owners of the lots abutting on that part of said Airoso Way so to be vacated; and provided further that no part of said Airoso Way shall be closed or vacated until the streets at the north and south ends of the blocks between which it is desired to close or vacate a part of said Airoso Way, shall be paved, ready and open for use and travel between Collins Ave. and said Airoso Way."

* * * * * *
It would appear that upon vacation of the private easement it would revert to the abutting property owner, similar to a public easement as set out in Smith v. Horn, infra; Servando Building Co. v. Zimmerman, infra.
[2] Mariani v. Schleman, Fla. 1957, 94 So.2d 829; Radiation, Inc. v. Campbell, Fla. App. 1967, 200 So.2d 192; United Services Automobile Association v. Porras, Fla.App. 1968, 214 So.2d 749.