# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, UPON )
THE RELATION OF THE )
SECRETARY OF THE DEPARTMENT )
OF TRANSPORTATION )
                                   )
        Plaintiff, )
                                   )
      v. )        C.A. No. S21C-07-016 MHC
                                   )
PITB, LLC, A Delaware Limited )
Liability Company, 185,651.4503 )
SQUARE FEET (4.262 ACRES )
OF LAND; ALL OF TAX MAP AND )
PARCEL NUMBER 235-8.00-83.00 )
SITUATE IN BROADKILL HUNDRED, )
                                   )
       and )
                                     )
STAFFORD STREET CAPITAL, LLC, a )
Delaware Limited liability Company; )
11,000.00 SQUARE FEET (.2525 ACRES) )
OF NUMBER 235-8.00-83.00 SITUTAE )
IN BROADKILL HUNDRED, )
                                   )
       Defendants. )

## ORDER

Submitted: June 4, 2025
Decided: July 8, 2025

**Plaintiff's Motion to Set Aside Judgment – DENIED.**

Bradley S. Eaby, Esq., Deputy Attorney General, Department of Justice, 800 South Bay Road, Dover, Delaware 19901, *Attorney for Plaintiff DelDOT.*

1

John W. Paradee, Esq., and Mark Denney, Esq., Baird Mandalas Brockstedt & Federico LLC, 6 South State Street, Dover, DE 19901, *Attorney for Defendant PITB, LLC*

Richard A. Forsten, Esq., and Pamela J. Scott, Esq., Saul Ewing LLP, 1201 Market Street Suite 2300, Wilmington, DE 19801, *Attorney for Defendant Stafford Street Capital, LLC.*

**CONNER, J**

On May 22, 2025, a four-day condemnation trial ended with a verdict awarding Defendant PITB, LLC with $4,670,000 and Defendant Stafford Street Capital, LLC with $345,000 for their respective interests in land with a billboard easement taken by Plaintiff DelDOT on August 18, 2021 for highway improvements. Pursuant to 10 *Del. C.* § 6108(g), Plaintiff now moves to set aside the commissioners' award to PITB, LLC in whole or in part.

Plaintiff argues that the commissioners ". . . made an improper award based on an error of law and fact."[1] Plaintiff specifically objects to the Commissioners being presented with evidence from three appraisals. First is a prior appraisal by Plaintiff's expert witness of the condemned property as of July 5, 2019, two years before the actual taking. Plaintiff claims the prior appraisal ". . . cannot be considered by the Commissioner's [sic] in determining the market value of the

---

[1] State of Delaware, Department of Transportation's Objection to Confirmation of the Commissioner's Award of Just Compensation to Defendant PITB at ¶ 2.

Subject Property."[2]   The other two appraisals were prepared by Plaintiff's expert witness in late 2021 for similar but unrelated condemnations, appraisals which were not admitted into evidence in their entirety.  Instead, only one comparable sale per appraisal was admitted into evidence as Defendants challenged Plaintiff's expert to explain why she did not use those comparable sales in this case.  Plaintiff claims that presenting the commissioners with the redacted prior appraisals ". . . elevated the status of the [comparable] sale[s] in the eyes of the Commissioners beyond that to which [they were] entitled."[3]

Under 10 *Del. C.* § 6108(g), an award shall be confirmed by this Court unless the commissioners have been guilty of misconduct in their proceedings or unless the commissioners have made an improper award based on an error of fact or law.

In a Delaware condemnation action, the trial court has discretion over the admission of evidence and can exclude any evidence which will raise collateral issues, not determinative of the issues to be determined by the Commission.[4] However, ". . . the [Delaware Superior] Court may not prevent a party to a condemnation proceeding from presenting 'competent and relevant evidence upon the issue of just compensation' that is obtained and produced in accordance with the

---

[2] *Id.* at ¶ 5.
[3] *Id.* at ¶ 6, 7.
[4] *Wilm. Hous. Auth. v. Nos. 312–314 E. Eighth St.*, 191 A.2d 5, 10 (Del. Super. Mar. 29, 1963).

Court's scheduling order and subject to Delaware Rules of Evidence."[5]  The Fifth Circuit notes that the sound and just trial practice is to admit as many of the "most comparable" sales available as is necessary to fairly permit each side to present its argument for the jury's consideration, either as substantive, direct proof of the value of the condemned property or to support the expert's opinion.[6]

Courts are somewhat inconsistent in justifying allowing prior appraisals under cross-examination.  For instance, California explains that an expert witness's prior appraisals are allowed in cross-examination as prior inconsistent statements.[7]  By contrast, West Virginia simply cites the wide latitude given to opposing counsel to cross-examine an expert as to the expert's methodology.[8]  Using this other precedent, these rulings were made at a pre-trial conference.  The parties were provided an opportunity to review the non-Delaware case law and present written and oral arguments.  The Court is unwilling to reverse these rulings post trial.

Further, Plaintiff fails to identify any law or rule of evidence that would bar the admission of Plaintiff's expert's prior and other appraisals.  Plaintiff also does not identify any factual error in these appraisals.  The closest to a rule that Plaintiff seems to brush is that the redacted other appraisals unduly elevated certain

---

[5] 2016 WL 359104 (Del. Super. Ct. Jan. 27, 2016).
[6] *U.S. v. 320.0 Acres of Land, More or Less in Monroe Cnty.*, 605 F.2d 762, 798 & n.64 (5th Cir. 1979).
[7] *See Cty. Of Contra Costa v. E. Bay Mun. Dist.*, 1 Cal. Rptr. 60 (Dist. Ct. App. Dec. 7, 1959).
[8] *W. Va. Dep't of Highways v. Sickles*, 242 S.E.2d 567 (W. Va. 1978).

comparable sales, i.e. created juror confusion. Under Delaware law, if information would be confusing and unnecessary such that it would make it more difficult for the finders of fact to make a reasoned and informed decision in the case, the judge has discretion whether to exclude that information.[9] Exclusion of evidence for juror confusion is a discretionary matter, not an error of law sufficient to set aside a judgment under 10 *Del. C.* § 6108(g).

Since Plaintiff fails to state a sufficient reason under 10 *Del. C.* § 6108(g) to set aside the commissioners' award, Plaintiff's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

oc:　Prothonotary

---

[9] *See, e.g.*, *Sammons v. Drs. For Emergency Servs., P.A.*, 913 A.2d 519, 524 (Del. 2006).