**UNITED STATES of America,**
**Plaintiff,**

v.

**THREE PARCELS OF LAND, Situated IN the CITY OF FAIRBANKS, STATE OF ALASKA, and Alaska State Housing Authority, Mary E. Bridges and the heirs-at-law of Alvin Copeland, deceased, et al., Defendants.**

**Civ. No. F–6–61.**

United States District Court
D. Alaska.

Dec. 10, 1963.

Warren C. Colver, U. S. Atty., and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Allen L. Jewell, Gen. Counsel, Alaska State Housing Authority, Anchorage, Alaska, for defendant Alaska State Housing Authority.

Robert A. Parrish, Fairbanks, Alaska, for defendant Mary, E. Bridges.

PLUMMER, District Judge.

On May 31, 1961, a complaint and declaration of taking was filed and the sum of $12,200.00 was deposited with the Clerk of Court. The complaint and declaration of taking recited that the public use for which said land was taken was to provide for necessary postal facilities and that the estate to be acquired in the property was a fee simple absolute. On May 31, 1961, title to the land here involved vested in fee simple absolute in the United States of America; said lands were condemned and taken for the use of the United States; and the right to just compensation for the same vested in the persons entitled thereto. 40 U.S.C.A. § 258a; Travis v. United States, 287 F.2d 916, 919 (Ct.Cl.1961).

On January 4, 1962, defendant Bridges moved to continue the pre-trial conference and an order was entered continuing the pre-trial conference until March 30, 1962, and setting this case for trial on May 28, 1962.

On April 10, 1962, defendant Bridges moved to vacate the trial setting and on May 14, 1962, a minute order was entered vacating the trial date of May 28, 1962.

On September 19, 1963, a minute order was entered setting the case for trial at 10:00 a. m. on December 9, 1963. On the same date, September 19, 1963, the court addressed a letter to counsel for defendant Bridges which advised that the case had been set for trial on December 9, 1963, and which further advised that if the trial date set was not satisfactory to counsel for defendant Bridges the case could be removed from the trial calendar upon request provided the court were notified at the earliest possible date.

On October 1, 1963, the Clerk of Court forwarded to counsel of record a notice that the case had been set for trial by jury at Fairbanks on December 9, 1963, at 10:00 a. m.

On December 3, 1963, defendant Bridges moved for continuance of pre-trial conference and to vacate the trial setting of December 9, 1963.

On December 4, 1963, defendant Bridges moved for leave to file an answer to the complaint in condemnation.

A continuance is a matter within the discretion of the court. Although the motion of defendant Bridges for continuance of pre-trial conference and to vacate trial setting of December 9, 1963, is not supported by an adequate showing, the court does not feel justified in disregarding the statements of counsel for Bridges during the course of oral argument. In view of the fact that defendant offered to pay the reasonable costs that might be occasioned to the United States of America by a continuance in this matter and in view of the fact that the court has ruled that the sole issue for determination on the trial of this case is the matter of just compensation for the land taken as of May 31, 1961, it does not appear that the United States of America will be materially or substantially prejudiced by the court's granting a continuance of less than sixty days.

Rule 71A(e) specifically provides that, "If a defendant has any objection or defense to the taking of his property, he shall serve his answer within 20 days after the service of notice upon him." Any answer to a condemnation complaint must conform to the provisions of Rule 71A of the Federal Rules of Civil Procedure. Travis v. United States, supra. Notwithstanding the clear wording of Rule 71A(e), the United States District Court for the Southern District of Illinois in City of Davenport v. Three-Fifths of an Acre of Land, 147 F.Supp. 794, 796, affirmed 7 Cir., 252 F.2d 354, stated in part as follows:

"It is quite possible that the defendant, not having answered within 20 days, has waived any objections or defenses to the taking of its property. However, the Courts should and do construe the rules of civil procedure so as to work substantial justice in all cases and avoid a strict technical interpretation which might work a hardship on the litigants. With this in mind the Court will consider the motion to dismiss as an answer in order that the matter may be determined upon its merits rather than upon a strict construction of procedure."

This court being similarly inclined has therefore considered the proposed defenses, asserted by the defendant Bridges in her answer, on their merits. For reasons hereinafter stated the court finds them legally insufficient to constitute meritorious defenses to the complaint in condemnation.

Upon the filing of the declaration of taking and the deposit in court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in the declaration, title to the lands taken vested in fee simple absolute in the United States of America. The lands were condemned and taken for the use of the United States and the right to just compensation vested in the persons entitled thereto. 40 U.S.C.A. § 258a; and Travis v. United States, supra.

Property acquired in fee simple by a public body for a particular purpose may be diverted to another use.

In Beistline v. City of San Diego, 256 F.2d 421, 424 (9th Cir. 1958), the court stated:

"Because a sovereign body plans to acquire private property for a lawful purpose (here an airport), does acquire the property with such purpose, and thereafter changes its corporate mind and uses the property for a different purpose, or even trades or sells the property to another, and at an increased price, does not thereby establish a taking for private use, nor fraud, nor any fraudulent or false or untrue representations. *Need for taking the particular land, like the issue of compensation for the taking, is judged solely by the conditions existing at the time of the taking.*" Citing cases. (Emphasis supplied.)

In United States v. 10.47 Acres of Land, etc., 218 F.Supp. 730 (D.C.N.H. 1962), the United States brought proceedings to condemn lands to provide additional facilities in connection with an Air Force base. The court held that the taking of lands to provide a substitute water supply for city pursuant to agreement whereby city conveyed lands to federal government was for valid public purpose and that subsequent discontinuance by government of its efforts to develop lands for such purpose neither rendered original taking invalid nor caused title to revert to landowners. As a result of a pre-trial conference it was agreed that one of the issues remaining to be litigated was whether or not there was a valid taking of the land in view of the fact that the plaintiff had discontinued its efforts to develop said land for the purpose it was taken. The court, at pages 732–733 of 218 F.Supp., stated as follows:

"By the terms of the Declaration of Taking Act, ' * * * Upon the filing of said declaration of taking and of the deposit in the court * * title * * * shall vest in the Unit-

ed States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto * *.' 40 U.S.C. § 258a. The effect of this provision is to transfer to the United States as of the date of taking the title to the condemned lands, or such lesser interest as is specified in the declaration, subject only to the right of the owner to challenge the validity of the taking as not being for an authorized purpose. Catlin v. United States, 324 U.S. 229, 239–44, 65 S.Ct. 631, 89 L.Ed. 911 (1945); City of Oakland v. United States, 124 F.2d 959 (9th Cir. 1942). Clearly, the subsequent abandonment by the United States of the purpose for which the lands were taken cannot affect the validity of the original condemnation. Title to the premises having vested in the United States by a valid taking, the Court is without authority to order the revesting of title in the original owners, a matter entrusted by the Congress to the discretion of the Attorney General. 40 U.S.C. § 258f."

40 U.S.C.A. § 258f provides as follows:

"In any condemnation proceeding instituted by or on behalf of the United States, the Attorney General is authorized to stipulate or agree in behalf of the United States to exclude any property or any part thereof, or any interest therein, that may have been, or may be, taken by or on behalf of the United States by declaration of taking or otherwise."

The authority of the Attorney General of the United States is clearly set forth in the preceding section. However, the allegations contained in paragraph 2(b) of defendant Bridges proposed answer negate any stipulation or agreement falling within the provisions of 40 U.S.C.A. § 258f.

With respect to the allegations asserted in paragraph 2(d) of the proposed an-

swer, 39 U.S.C.A. § 2103 expressly authorizes the Postmaster General to acquire by purchase, condemnation, lease, donation, or otherwise, and on such terms as he deems appropriate to the best interests of the United States, real property and interests therein for use for postal purposes. It further expressly authorizes the Postmaster General to dispose of real property and interests therein, acquired for use or used for postal purposes by sale, lease, or otherwise, on such terms as he deems appropriate to the best interests of the United States. The only limitation on the Postmaster General's authority contained in this section is that he may not, for the purpose of this section, dispose of (1) any government-owned property, or interests therein, *acquired pursuant to § 352 of Title 40,* or (2) any government-owned property, or interests therein, acquired pursuant to law prior to July 22, 1954, on which there has been constructed a building to be used for postal purposes and which is presently being used for these purposes. The property here involved was not acquired pursuant to § 352 of Title 40, nor pursuant to law prior to July 22, 1954.

The matters asserted in paragraphs 2(a), (c) and (e) are not valid defenses to the entry of a final judgment in the present case. Counsel for defendant Bridges has not brought to the court's attention any authorities supporting his assertions that (1) as a matter of law the defendant Mary Bridges is entitled to the return of her property, (2) the threatened conveyance to the Alaska Housing Authority is unlawful, in violation of public policy and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and (3) by reason of the circumstances of this case Mary Bridges has a superior right to all persons in the world to have the property returned to her. In the absence of authorities supporting or sustaining the assertions made by the defendant, the court believes the following excerpt from Vol. 18, American Jurisprudence, Eminent Domain, § 124,

p. 747, to be a correct statement of the law:

"When land has been acquired for the public use in fee simple unconditional, either by the exercise of the power of eminent domain or by purchase, the former owners retain no rights in the land, and the public use may be abandoned or the land may be devoted to a different use without any impairment of the estate acquired or any reversion to the former owners."

I find as follows:

■ (1) That the filing of the declaration of taking, together with the deposit of the amount of the estimated just compensation, in this court on May 31, 1961, vested in the United States of America the full interest in and to the property therein described, and vested in the defendants the right to just compensation for said taking as of May 31, 1961.

■ (2) That the lands were taken by the United States for a valid public use to provide for necessary postal facilities.

■ (3) That it is a matter of common knowledge in the community of Fairbanks, Alaska, that subsequent to May 31, 1961, the plans of the United States of America were changed as a result of a determination to locate the necessary postal facilities at or near the International Airport, Fairbanks, Alaska, instead of on the land which is the subject matter of this action.

(4) That the subsequent change in plans and the discontinuance of the use of the subject lands for the purpose of necessary postal facilities by the United States of America neither rendered the original taking invalid nor caused title to revert to the defendant Mary Bridges.

(5) The sole issue for determination on the trial of this case will be the matter of just compensation for the taking of the land of Mary Bridges as of the date of the taking of said property. to-wit, May 31, 1961.