■ COUNTY OF BROOME, Respondent, v. TRUSTEES OF THE FIRST METHODIST EPISCOPAL CHURCH AND SOCIETY OF CHOCONUT CREEK, Appellant.— Appeal from a judgment of the Supreme Court, entered June 7, 1971 in Broome County, which adjudged that the public use requires condemnation of appellant's real property and appointed Commissioners of Appraisal. In this proceeding, brought under section 120 of the Highway Law, the County of Broome seeks to acquire the lands of appellant, Trustees of the First Methodist Episcopal Church and Society of Choconut Creek, for the reconstruction of Stella-New Ireland Road No. 301. After an offer to purchase the property for the sum of $45,000 was rejected by the trustees, the county brought this proceeding for an adjudication that the public use requires the condemnation of the real property, and for the appointment of Commissioners of Appraisal. Appellant answered, and moved to dismiss the petition. The answer denied the allegation in the petition that "The public use for which the property is required is for the purpose of reconstruction of Stella-New Ireland Road, County Road No. 301, County of Broome, State of New York", and the further allegation that the reasonable and fair value of property to be condemned was $45,000, and that the County of Broome had been unable to purchase the property from the owners. The motion to dismiss was made upon the grounds that the court had no jurisdiction of the subject matter of the petition as plaintiff failed to negotiate in good faith; the petition fails to establish any facts on which a finding of necessity could be made; and the petition fails to state a cause of action. Appellant contends that it has not had the opportunity to raise the question of necessity and location of the proposed improvement, and that it is entitled to a trial of the issues of necessity and location. There is no question that the land in question is sought for a public purpose, and that the location of the improvement was established

by the County Legislature acting in a legislative capacity. Thus, appellant on the issues of necessity and location is attempting to have the court substitute its judgment for that of the County Legislature. This the court cannot do. The necessity for appropriating property for a public use is not a judicial question where there is no provision in the statute authorizing judicial review. Section 120 of the Highway Law does not provide for judicial review on the question of necessity. (*Matter of Public Serv. Comm.*, 217 N. Y. 61; *Schulman v. People*, 11 A D 2d 273, rev. on other grounds 10 N Y 2d 249; 1 Nichols, Law of Eminent Domain, § 411 [1], pp. 551.) Appellant's constitutional arguments are also without merit. In the absence of a statute requiring a hearing, the constitutional requirements with respect to notice in eminent domain proceedings concern the opportunity to be heard on the issues of compensation and public use. (*Fifth Ave. Coach Line* v. *City of New York*, 11 N Y 2d 342.) Section 120 of the Highway Law is completely adequate in this respect. (*People* v. *Adirondack Ry. Co.*, 160 N. Y. 225, affd. 176 U. S. 335.) Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.