ABRAHAM CUTCHER, Appellant, *v.* EWALD B. NYQUIST, as Commissioner of Education, et al., Respondents.

Third Department, November 29, 1973.

*Saperston, Wiltse, Day & Wilson* (*Warren S. Radler* and *Thomas F. Segalla* of counsel), for appellant.

*Robert D. Stone* (*James H. Whitney, Lawrence W. Reich* and *John P. Jehu* of counsel), for Ewald B. Nyquist, respondent.

*James E. Rooney* and *Cosgrove & O'Connor* (*Edward C. Cosgrove* of counsel), for North Tonawanda Board of Education, respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court at Trial Term, entered March 5, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul and set aside the determination of the respondent Commissioner of Education.

Upon a prior appeal in this case (*Matter of Cutcher v. Nyquist,* 39 A D 2d 810), we remanded the matter for a hearing so that the petitioner would have an opportunity to present evidence that the determination of respondent was arbitrary. After a hearing, Special Term has now determined that petitioner has failed to sustain his burden of proof.

The decision of the Commissioner is final and conclusive unless shown to be " purely arbitrary " and the limited review permitted in an article 78 proceeding is to decide that question only, not to decide the determination anew or to substitute the judgment of the reviewing court for that of the Commissioner (*Matter of Lubell v. Nyquist,* 31 A D 2d 569).

In *Matter of Board of Educ. of City of N. Y. v. Allen* (6 N Y 2d 127, 141), the Court of Appeals stated: " The courts, in turn, may review the Commissioner's determinations made on appeals taken to him pursuant to section 310. However, the Commis-

sioner's determinations may not be stricken down unless they be ' purely arbitrary.' "

To annul the determination of the Commissioner, petitioner would have been required to present compelling evidence that the reorganization of the administration of the North Tonawanda Board of Education was undertaken with petitioner's ouster as its main object, and that, therefore, a finding by the Commissioner to the contrary was in bad faith. Trial Term has concluded that petitioner has failed to show that the Commissioner's finding was arbitrary and we are of the view that this result is supported in the record.

The judgment should be affirmed, without costs.

HERLIHY, P. J., COOKE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.