■ In the Matter of RONALD GUILE et al., Appellants, v STATE UNIVERSITY OF NEW YORK et al, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners-appellants Guile and Sabin instituted this CPLR article 78 proceeding to set aside a decision of respondent New York State Grievance Appeals Board and to direct that respondent State University of New York (S.U.N.Y.), State University Trustees and James Perdue, Ph.D., President, S.U.N.Y. at Oswego, authorize and permit petitioners and others similarly situated to carry arms and self-protective devices. Special Term dismissed appellants' petition. Petitioners are supervisors in the Campus Security Unit at S.U.N.Y. at Oswego. On November 28, 1972 respondent Perdue, as President of S.U.N.Y., directed "any of the Security Officers who are still carrying mace and/or night sticks to turn them in". On December 21, 1972 respondent Perdue modified this directive by instructing the security officers that they may, if they choose, carry nightsticks on appropriate occasions; that the Director of Security along with the men will have to decide what "appropriate occasions" is to mean. In protest, appellants and two other security officers filed a written grievance, dated January 9, 1973, in conformity with the grievance procedure established by executive order for the settlement of noncontract grievances. The substance of their grievance was that the president's directive substantially disarmed petitioners, thereby placing their safety and well-being in jeopardy, and further, that the directives were discriminatory because security officers at other State universities were allowed to carry weapons, and that "State University Security Officers with peace officer powers should be equipped with nightsticks, mace and thoroughly trained and qualified in the use of firearms and equipped with same". Following decisions at the first three steps of the grievance procedure denying the grievance, petitioners filed a timely appeal to respondent Grievance Appeals Board and a hearing was had. The hearing officer dismissed the grievance, stating "we will not substitute our judgment for that of the College president, who is familiar with and exposed to local conditions and charged with the continuing responsibility for making such decisions pursuant to the specific authorization of the University's Trustees and central administration". In dismissing the petition Special Term made substantially the same determination when it stated that it "does not feel it should replace the judgment of the College President with its own". By regulations the trustees have delegated to respondent President Perdue the power to authorize certain security officers under certain conditions to possess ammunition and firearms (8 NYCRR 590.5, 590.6). He has the general authority to determine what arms, if any, the security officers on the Oswego campus shall carry. The exercise of a discretionary policy-making authority by an administrative officer is an administrative determination subject to judicial annulment

only if found to be arbitrary and capricious (see CPLR 7803, subd 3; *Matter of Board of Educ. of City of N. Y. v Allen,* 6 NY2d 127, 141; *Matter of Mandle v Brown,* 5 NY2d 51, 63–65; *Matter of Cowen v Reavy,* 283 NY 232, 237; *Cutcher v Nyquist,* 43 AD2d 58, 59). It was held in *Matter of Salata v Tolman* (38 AD2d 991) that prohibiting probation officers assigned to the criminal court from carrying firearms into a court building was "a proper and lawful exercise of the authority of respondents [Director of Administration of Courts]" and was reasonable and not arbitrary. We find that President Perdue's exercise of his authority was not arbitrary or capricious. Appellants also seek an order compelling respondents to authorize and permit appellants to carry arms and self-protective devices. "An article 78 proceeding in the nature of mandamus is an appropriate remedy to compel performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion" *(Matter of Posner v Levitt,* 37 AD2d 331, 332; *Matter of Gimprich v Board of Educ. of City of N. Y.,* 306 NY 401, 406). Discretion has been given to the college president of a State university to authorize campus security officers to possess ammunition and firearms (8 NYCRR 590.5). Thus, this action in the nature of mandamus is inappropriate. (Appeal from judgment of Oswego Special Term in article 78 proceeding.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.