◼ In the Matter of ANTHONY C. BOTTILLO et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Appeal from an order and judgment of the Supreme Court at Special Term, entered September 2, 1975, in Albany County, which dismissed petitioners' application, in a proceeding pursuant to article 78, to compel respondent commissioner to reconvey certain real property and to declare that petitioners are the owners of that real property. In 1968 the Department of Transportation filed the requisite map and in 1971, after notice of appropriation (Highway Law, §§ 30, 349-c), the State appropriated petitioners' realty in the City of Troy for use in the construction of a north-south arterial highway through the city. The State has offered petitioners $9,000 for their property and after their refusal to accept that sum has permitted petitioners to remain in their home as tenants. The petitioners contend that the State has abandoned its plan to construct the arterial highway and is, therefore, holding the land as a landlord, a purpose not contemplated by the laws of eminent domain and, consequently, should be judicially compelled to reconvey the subject property to them pursuant to the provisions of subdivision 18 of section 30 of the Highway Law. The petition asks for alternative judgments, either: (1) declaring that title never left petitioners, or (2) directing the Commissioner of Transportation to exercise his discretion to reconvey taken land no longer needed for highway uses. Although the petition is denominated as pursuant to article 78, it will be treated as a demand for a declaratory judgment with respect to the question of whether title ever passed out of petitioners (CPLR 103). The determination of whether lands are needed for a stated public use is a legislative function, which may validly be delegated to the discretion of an authority *(County of Broome v Trustees of First M. E. Church & Soc. of Choconut Cr.,* 37 AD2d 1036; *Cuglar v Power Auth. of N.Y.,* 4 Misc 2d 879, affd 4 AD2d 801, affd 3 NY2d 1006). Since there are no allegations in the petition that the Department of Transportation acted illegally, arbitrarily or capriciously in the initial "taking" in 1971 nor that the appropriation was not for the stated public purpose, title to the realty properly vested in the State. As long as the original condemnation was in good faith for a public purpose, the condemnor "may subsequently convert it to other uses, or even abandon it entirely, without any impairment of the validity of the estate originally acquired or [any] reversion to the former owners" *(Fur-Lex Realty*

*v Lindsay,* 81 Misc 2d 904, 905). This has long been the rule in New York *(Brooklyn Park Comrs. v Armstrong,* 45 NY 234, 243–244; 19 NY Jur, Eminent Domain, § 67). Such a rule does not violate the Federal Constitution *(Beistline v City of San Diego,* 256 F2d 421). Neither may petitioners regain title through an article 78 proceeding in the nature of mandamus. The power given the commissioner to sell taken land (Highway Law, § 30, subd 18) is discretionary, not ministerial, and, therefore, the courts may not supplant their judgment for his *(Matter of Gimprich v Board of Educ.,* 306 NY 401; *Matter of Guile v State Univ. of N. Y.,* 49 AD2d 1022, 1023; *Matter of Posner v Levitt,* 37 AD2d 331). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.