467 So.2d 989 (1985)
Joyce G. MAINER, etc., et al., Petitioners,
v.
CANAL AUTHORITY OF the STATE of Florida, Etc., Respondent.
Nos. 64689 through 64697.
Supreme Court of Florida.
April 18, 1985.
*990 C. Ray Greene, Jr. of Greene and Greene, Jacksonville, and Charles R. Forman, Ocala, for Joyce G. Mainer, Walter R. Berman, Francis S. Gay and Catherine Duane Gay, Kenneth T. Hodges and Alverna C. Hodges, Silver Springs Shores, Inc., John H. Couse and Barnetta S. Couse, Astor West, Inc., Hasty-Greene Investments, Inc., and James J. Griffitts and Leola H. Griffitts.
Jim Smith, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for respondent.
Lewis F. Murphy of Steel, Hector and Davis, Miami, amicus curiae for Florida Power & Light Company.
Joseph W. Little, Gainesville, amicus curiae for Florida Defenders of the Environment in Opposition to Relief Sought by Petitioners.
OVERTON, Justice.
This is a petition to review a decision of the Fifth District Court of Appeal reported as Canal Authority v. Mainer, 440 So.2d 1304 (Fla. 5th DCA 1983). These nine consolidated cases were brought by the petitioners to reacquire lands originally taken by the Canal Authority for the construction of the Cross-Florida Barge Canal. The district court held that the Canal Authority could not be required to reconvey land to which it had in good faith acquired fee simple title. We find conflict with Canal *991 Authority v. Ocala Manufacturing Co., 365 So.2d 1060 (Fla.1st DCA), petition dismissed, 368 So.2d 1363 (Fla. 1979), concluding that it cannot be harmonized with the instant district court decision.[*] We disapprove the decision in Ocala Manufacturing and hold that, absent fraudulent intent or bad faith at the time of the taking, fee simple title taken by a governmental entity through condemnation, settlement, or donation cannot be collaterally attacked on the basis of a failure or discontinuation of the use originally intended for the land taken.
The Canal Authority was formed in 1933 to act as the state entity to assist the federal government in constructing the Cross-Florida Barge Canal. The Canal Authority, in accordance with section 374.071, Florida Statutes (1983), has the authority to acquire rights of way necessary for the construction and operation of the project. The lands in question were acquired in fee simple between 1966 and 1970. How the Canal Authority acquired the respective petitioners' properties is detailed below:
The property of Joyce G. Mainer was acquired in fee simple through a contested condemnation proceeding by an order of taking entered June 6, 1968.
The property of Walter R. Berman was acquired in fee simple through a contested condemnation proceeding by an order of taking entered April 3, 1970.
The property of Francis S. Gay was acquired in fee simple through a contested condemnation proceeding by an order of taking entered June 6, 1968.
The property of Silver Springs Shores, Inc., was acquired in fee simple through a contested condemnation proceeding by an order of taking entered June 26, 1969.
The property of John H. Couse was acquired in fee simple through a contested condemnation proceeding by an order of taking entered August 15, 1966.
The property of Astor West, Inc., was acquired in fee simple through a contested condemnation proceeding by an order of taking entered July 31, 1970.
The property of James J. Griffitts was acquired in fee simple through a contested condemnation proceeding by an order of taking entered July 31, 1970, the value of the land taken being agreed to before trial.
The property of Kenneth T. Hodges was acquired in fee simple through a deed recorded on August 3, 1967. The closing statement submitted in these proceedings reflects the following statement: "The receipt of $1,583.24 is acknowledged by the undersigned Sellers. The foregoing constitutes a summarized representation of the complete transaction; and no other compensation or concession has been made or promised by either party involved."
The property of Hasty-Greene Investments, Inc., was acquired in fee simple by deed dated July 18, 1966, in lieu of condemnation for one dollar consideration.
The petitioners filed individual suits to have their lands returned to them upon the grounds that (1) the Canal Authority had represented that the value of their remaining lands would be enhanced by the completion of the canal project; (2) the public purpose for which the lands had been taken had been frustrated; (3) the project had been abandoned; and (4) as a result of the abandonment of the project, there was no enhancement in value of their remaining lands and, consequently, there was a failure of consideration.
Petitioners made no allegations and offered no evidence at trial to establish that they were not properly compensated for either the value of the lands taken or for any damage to the remaining lands as a result of the taking. In addition, there was no evidence presented to establish that the Canal Authority had actually offset any damage to the petitioners' remaining lands with enhancement that would occur by reason of the completion of the project.
The trial court held for the petitioners, finding that the plans for the construction *992 of the canal had been frustrated and abandoned; that the Canal Authority had represented that the value of petitioners' remaining lands would be enhanced by the completion of the project and, because the project had been abandoned, the consideration for the conveyance to the Canal Authority had failed; that it would be inequitable to the public and the petitioners to allow the Canal Authority to continue to hold title to land which it could not devote to the purpose for which it was acquired; and that the use of the fee simple title acquired by the Canal Authority was limited to canal project purposes. The trial court directed the Canal Authority to convey the property to the petitioners in exchange for the return of the purchase price paid for the land by the Canal Authority.
On appeal, the district court reversed, holding that the Canal Authority acquired the property in fee simple without condition or reservation and, in accordance with our decision in Carlor Co. v. City of Miami, 62 So.2d 897 (Fla.), cert. denied, 346 U.S. 821, 74 S.Ct. 37, 98 L.Ed. 347 (1953), concluded that "fee interests created by an order of taking cannot be collaterally attacked on the ground of failure of consideration unless extrinsic fraud is proved. There is no evidence whatever in this record to establish extrinsic fraud." 440 So.2d at 1306 (footnote omitted). Further, the court held that "failure of consideration, absent an affirmative showing of fraud, is not sufficient grounds for setting aside a fully executed and recorded deed." Id. (footnote omitted).
The petitioners assert that they were entitled to the enhanced value of their remaining lands and that, as a matter of law, without such enhancement there was a failure of consideration. In effect, petitioners argue that they are entitled to not only the value of the land taken, but also the enhanced value of their remaining lands by reason of the project, even though there was no evidence that there was damage to the remaining lands. Under the law of eminent domain as it exists in this state, the enhancement to remaining lands can only be used by a condemning authority to offset severance damages to remaining lands. See Caspersen v. West Coast Inland Navigation District, 198 So.2d 65 (Fla. 2d DCA 1967); § 73.071(4), Fla. Stat. (1983); see also Di Virgilio v. State Road Department, 205 So.2d 317 (Fla. 4th DCA 1967). There is no evidence in the record that, at the time of the taking, any landowner was entitled to severance damages with regard to his remaining lands. In the absence of any showing of severance damages, enhancement is not an issue. We realize that if a condemning authority claimed enhancement to offset damages to the remaining property, and then failed to complete the improvement, the property owner would have a cause of action for additional compensation, but not for reconveyance absent a showing of bad faith at the time of the taking. Central and Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974); see also 27 Am.Jur.2d Eminent Domain § 451 (1966).
The First District Court of Appeal, in its decision in Ocala Manufacturing, expressly approved the trial court's determination that the failure to construct a planned improvement for which land had been taken, and the resultant lack of enhancement to remaining lands, required a reconveyancing of the lands taken. In our view, this holding cannot be harmonized with the instant district court decision. The unrefuted facts of Ocala Manufacturing establish almost identical issues which were resolved contrary to those presented in the instant case.
We hold, in accordance with the weight of authority, that once land has been acquired in fee simple for public use, either by the exercise of the power of eminent domain or by purchase or donation, the former property owner retains no interest in the land. The public use may thereafter be abandoned or the land may be devoted to a different use without any impairment of the title acquired, absent fraud or bad faith at the time of the conveyance. Our holding in this cause reaffirms our decision in Carlor, in which we determined *993 that a former landowner of an island in Biscayne Bay could not set aside the condemnation judgment on the ground that the property had not been utilized for the stated purposes of constructing an airport. In that decision we recognized that any challenge to the good faith taking of the property by the condemning authority for the designated public need must be made in the condemnation proceeding and not by collateral attack. We held that "there is no reversion where the fee simple title is taken and there is either a failure to use or a discontinuance of the use which impelled the taking." 62 So.2d at 900 (citations omitted). We further stated, "It is elementary that a condemnation judgment or award cannot be collaterally attacked except in cases of fraud or where it is void as for want of jurisdiction." Id. (citations omitted).
We also approve the holding of the Third District Court of Appeal in Langston v. City of Miami Beach, 242 So.2d 481 (Fla. 3d DCA 1971), in which that court stated, "[U]pon a completion of the condemnation, the condemning authority occupie[s] the same status as a bona fide purchaser for value." Id. at 483 (citing Chesapeake & Ohio Canal Co. v. Great Falls Power Co., 143 Va. 697, 129 S.E. 731 (1925)). Our holding is consistent with other jurisdictions' decisions on the same issue. See Reichelderfer v. Quinn, 287 U.S. 315, 53 S.Ct. 177, 77 L.Ed. 331 (1932); Higginson v. United States, 384 F.2d 504 (6th Cir.1967), cert. denied, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1137 (1968); Beistline v. City of San Diego, 256 F.2d 421 (9th Cir.), cert. denied, 358 U.S. 865, 79 S.Ct. 96, 3 L.Ed.2d 98 (1958); O'Hara v. District of Columbia, 147 F.2d 146 (D.C. Cir.1944), cert. denied, 325 U.S. 855, 65 S.Ct. 1183, 89 L.Ed. 1975 (1945); United States v. Three Parcels of Land, 224 F. Supp. 873 (D.Alaska 1963); United States v. 10.47 Acres of Land, 218 F. Supp. 730 (D.N.H. 1962); Nearhos v. City of Mobile, 257 Ala. 161, 57 So.2d 819 (1952); Bottillo v. State, 53 A.D.2d 975, 386 N.Y.S.2d 475, appeal denied, 40 N.Y.2d 803, 356 N.E.2d 482, 387 N.Y.S.2d 1030 (1976); Gilbert v. Franklin County Water District, 520 S.W.2d 503 (Tex.Civ.App. 1975).
The petitioners' reliance on The People v. White, 11 Barb. 26 (N.Y.App. 1851), is totally misplaced. In White, a section of the Erie Canal was constructed on White's land and later abandoned. The court in that case found that the state had not taken fee simple title to the lands in question and determined that the owner had not been fully compensated for the portion of land taken but had received compensation only for the value of the land taken after deducting the benefit to the remaining land resulting from the construction of the canal. Further, we note that petitioner's position has not been followed in New York. In the recent New York decision in Bottillo v. State, that court, in rejecting a claim for reconveyance, stated:
Since there are no allegations in the petition that the Department of Transportation acted illegally, arbitrarily or capriciously in the initial "taking" in 1971 nor that the appropriation was not for the stated public purpose, title to the realty properly vested in the State. As long as the original condemnation was in good faith for a public purpose, the condemnor "may subsequently convert it to other uses, or even abandon it entirely, without any impairment of the validity of the estate originally acquired or [any] reversion to the former owners."
53 A.D.2d at 975, 386 N.Y.S.2d at 477 (quoting Fur-Lex Realty, Inc. v. Lindsay, 81 Misc.2d 904, 905, 367 N.Y.S.2d 388, 390 (N.Y. Sup. Ct. 1975)).
In conclusion, we reaffirm our holding in Carlor and hold that when a condemning authority acquires property in fee simple in good faith for a public purpose, that authority may subsequently convert it to other uses without any impairment of its title or obligation to the original owners. The decision of the district court in the instant case is approved and the decision in Ocala Manufacturing is disapproved.
It is so ordered.
*994 BOYD, C.J., and ALDERMAN, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only with an opinion, in which ADKINS, J., concurs.
SHAW, Justice, concurring in result only.
The Canal Authority of the State of Florida continues its legal existence with general and special powers to manage the assets of the Cross Florida Barge Canal Project. Ch. 374, Fla. Stat. (Supp. 1984). By enacting chapter 79-167, Laws of Florida, the legislature has effectively halted construction on the canal project and set forth instructions for the disposition of the assets of the canal authority. By its own terms, however, section 16 provides that chapter 79-167 shall not take effect, in pertinent part, until the Cross Florida Barge Canal Project is deauthorized by the United States Congress. The Congress, to date, has refused to deauthorize the canal. Until such time as the project is legally abandoned, it is premature for the Court to assume that the project will be abandoned and to render pronouncements on the disposition of the assets.
ADKINS, J., concurs.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.