MILLS, Judge.
Appellants appeal from a nonjury verdict denying recovery of the use of certain real property allegedly dedicated as a park. We affirm.
In October 1923, the Seagrove Company, a corporation, filed in Walton County, Florida, a subdivision plat entitled “Plat of Seagrove.” The plat dedicated certain property lying between an adjoining state highway and the Gulf of Mexico as a public park. The dedication was never accepted by the Walton County government or the public by use thereof. No lots were sold pursuant to this plat.
On 2 January 1939, corporate records indicate the intent of Seagrove’s board of directors to cancel the 1923 plat and replat. To this end, the subdivision was resurveyed on 8 July 1939. A new plat, entitled “Seag-rove First Addition,” was filed on 10 October 1939 and accepted by Walton County on the same date. This plat made no reference to a park and the disputed property was specifically excluded from the development. In January 1940, the stockholders ratified the board’s action in cancelling the 1923 plat and filing the new one.
In September 1943 and July 1944, appellant Flowers purchased lots pursuant to the 1939 plat; she never saw the 1923 plat. She alleges, however, that oral representations were made by the salesman, since deceased, that the area was and would remain a park with no construction permitted thereon. She also indicated that property owners had been allowed to use the area as a picnic and playground from the time she bought her property until 1981. Appellants Pender and Malloy also bought in the 1940’s, but Pender never saw a plat of any description.
This litigation was precipitated by Seag-rove’s sale of a 60' section of the disputed property in 1981. The buyers of that section and the land itself were eliminated from the suit at the commencement of the hearing which was held in September 1984. The trial court denied appellants’ claim for recovery of the property as a park, finding that any 1923 offer to dedicate had been withdrawn prior to acceptance and that there had been no common law dedication by public use, as no use inconsistent with private ownership had been allowed. Ownership of the property was settled in Seag-rove. We agree with the trial court’s resolution.
Common law dedication requires an intention to dedicate the property to the use of the public and acceptance by the public as shown by clear and unequivocal proof. Bonifay v. Dickson, 459 So.2d 1089, 1094 (Fla. 1st DCA 1984). The recording of a plat is evidence of intent, Bonifay, but is only an offer to dedicate and, until accepted, may be revoked. Weber v. City of Hollywood, 120 So.2d 826 (Fla.2d DCA 1960). Acceptance may be by formal action of the government or by public use. Hughes v. Town of Mexico Beach, 455 So.2d 566 (Fla. 1st DCA 1984).
Here, the dedication appearing in the 1923 plat constituted an offer of the park area. No record evidence reflects either formal governmental acceptance or any use by the public until lots were sold in 1943. However, by that time, the offer had been revoked by operation of the 1939 plat.
Revocation of an offer to dedicate depends largely on the circumstances and is a question of fact. City of Miami v. Florida East Coast Rwy. Co., 84 So. 726, 730 (1920). In this case, Seagrove’s corporate records reflect its intent to cancel the 1923 plat. The land was resurveyed and the resulting 1939 plat created major changes in the identical area represented by the 1923 plat: lot size was decreased, street courses altered, block designations changed and the disputed park eliminated. Further, the second plat, unlike the first, was formally accepted by Walton County. Under these circumstances, we find that the 1939 plat did not merely supplement the 1923 plat but revoked and replaced it. Because no governmental or public acceptance occurred prior to the revocation, no common law dedication took place.
*844 However, acceptance of a dedication by the public is not essential to the creation of private rights in purchasers of lots who buy with reference to a plat showing a dedicated park. City of Miami at 730. When lots are sold with reference to a recorded subdivision plat, the purchasers acquire a private easement in the public places described therein to secure to those purchasers those benefits, the promise of which, it may be inferred, induced them to buy land in the platted tract. Bonifay at 1096 citing McCorquodale v. Keyton, 63 So.2d 906, 910 (Fla.1953).
In this case, the appellants purchased with reference to the 1939 plat which contained no park. Flowers never saw the 1923 plat and Pender saw no plat at all. Appellants’ argument that the 1939 plat was merely an extension of the 1923 document so that reference to the former was the equivalent of reference to the latter is, for the reasons outlined above, unpersuasive. Therefore, because the plat pursuant to which appellants purchased did not reflect the public area claimed herein, no private rights were acquired.
The seller’s alleged oral representations regarding the nature of the area, because of their remoteness in time and the intervening death of the seller, could reasonably have been found unworthy of belief by the trial court. Further, Seagrove’s conduct in permitting recreational use of the area was not inconsistent with ownership. Some construction on the land was permitted but only on easements specially granted for ingress and egress to the beach beyond.
AFFIRMED.
SHIVERS and ZEHMER, JJ„ concur.