SCHEB, Acting Chief Judge.
Appellant City of Tampa challenges the issuance of a permanent injunction preventing it from constructing certain improvements on a portion of its Davis Islands property, part of which is presently used as public tennis courts. We reverse.
On December 18, 1924, the developer of Davis Islands, D.P. Davis, conveyed to the city a parcel of land described as:
Marjorie Park according to map or plat of Davis Islands as recorded in Plat Book 10, Page 52, and Plat Book 10, Page 54, Public Records of Hillsborough County, Florida.
Neither Plat Book 10, page 52, nor page 54, which were filed and recorded November 26, 1924, depicted or referred to land known as “Marjorie Park.”
On February 12, 1925, a document entitled “Davis Islands Consolidated Map” was filed for record as a plat in Plat Book 10, page 58. This 1925 plat labeled the various areas of land depicted in the 1924 plat as Hyde Park Section, South Park Section, Marjorie Park, and others. The 1925 plat contained no offers of dedication. Thereafter, on February 23,1925, Davis recorded a quitclaim deed to the city describing the land previously conveyed as Marjorie Park by reference to the 1925 plat.
Subsequently, on November 3, 1925, a document entitled “Davis Islands Consolidated Map No. 2” was filed for record as a plat in “Book 17, Plat 13”, which also depicted the Marjorie Park parcel. This plat contained a dedication which recited “the streets and alleys are dedicated for public use as streets and highways” but did not include an offer to dedicate the Marjorie Park parcel for public park purposes.
In 1979, appellee John B. Hickey acquired certain real property on Davis Islands. The deed from his grantor described the property as:
Lots 37, and 38, Block 2, DAVIS ISLAND HYDE PARK SECTION, according to map or plat thereof as recorded in Plat Book 10, Page 52, of the Public Records of Hillsborough County, Florida.
As noted, the plat for this section of Davis Islands was filed and recorded on November 26, 1924.
Non-park usage of the city’s parcel began in 1927 with the construction of Tampa Municipal Hospital which is now called Tampa General Hospital, and is operated by the Hillsborough County Hospital Authority. Since then this parcel has become the site of various other municipal improvements, such as public tennis courts, the Gordpn Keller School of Nursing, the Hills-borough Community College Administration Building, a United States Coast Guard office, and the headquarters for the Junior League of Tampa.
*1256 In 1981 the Hospital Authority began a substantial expansion project at the hospital. The plans included the construction of a “Sunshine House” and a parking garage to be constructed by the City of Tampa to alleviate a critical parking shortage. Two studies commissioned by the city determined that the best site for the new parking garage was immediately adjacent to the existing parking garage on land now used as tennis courts within the parcel of land known as Marjorie Park. The city proceeded to rezone this parcel and made plans to build replacement tennis courts further south in the Marjorie Park parcel, directly across from Hickey’s property.
On September 17, 1985, Hickey filed a complaint seeking to enjoin the city from abandoning or altering the use of any portion of Marjorie Park from park purposes to any non-park purpose. The thrust of the suit was to prevent the city from replacing the tennis courts with a parking garage. Hickey contended that by his purchase of real property with reference to a recorded plat he retained a private right to insist that the area described as Marjorie Park be used only for park purposes. He based this contention on the argument that the 1925 consolidated maps recorded as plats depicting the city’s parcel of Marjorie Park became incorporated by reference into the 1924 plat.
Hickey also contended that Marjorie Park was included in City of Tampa Ordinance # 400-A filed for record October 9, 1929. This ordinance accepted various dedications and offers to dedicate streets, parks, and other public places made in previously recorded plats. Thus, he argued that in accordance with former City Charter Section 447, the city could not sell or enter into a lease for a period in excess of ten years of any portion of Marjorie Park without a referendum. The city claimed to be the fee simple owner of the Marjorie Park parcel and denied that the land in controversy was ever dedicated as a park.
The trial court granted the permanent injunction as Hickey prayed for, holding as a matter of law: (1) “The legal description in the December 18, 1924 deed from D.P. Davis to the City of Tampa was insufficient to convey title to Marjorie Park to the City of Tampa”; and (2) “The references on the Consolidated Map to Marjorie Park and to the other plats, including the plat referenced in the deeds to Hickey and his predecessors in title, and the City of Tampa’s acceptance of Marjorie Park for park purposes, created a private right in Hickey to insist upon the use of Marjorie Park for public purposes.”
On appeal, the City of Tampa raises three points. We focus on its first point in which it contends that Hickey had no standing to enjoin the city from discontinuing the park use of that portion of Marjorie Park now used as tennis courts. The city argues that Hickey has no private property right in the Marjorie Park parcel because neither Hickey’s deed nor the 1924 plat mentioned in the deed referred to any intended park use. Thus, the city posits that it has the right to permit the use of its land, known as Marjorie Park, for hospital expansion. We agree.
The trial court premised its ruling on the incorrect conclusions that the legal description of the Marjorie Park parcel in the 1924 deed to the city was insufficient and that the parcel had been dedicated and accepted for park purposes. Hickey, however, was not in a position to challenge the sufficiency of that conveyance which has been of record for over sixty years. In any event, we think any doubt as to the legal sufficiency in the 1924 deed was cured by the legal description in the 1925 quitclaim deed from Davis to the city.
As Hickey correctly points out, when lots are sold with reference to a recorded subdivision plat, the purchasers acquire a private easement in the public places described in the plat. Flowers v. Seagrove Beach, Inc., 479 So.2d 841, 844 (Fla. 1st DCA 1985). This principle secures to purchasers those benefits, which may have induced them to buy land in the platted tract. Id. at 844. However, that principle of law has no applicability here because there was never an offer to dedicate for park purposes the parcel of land referred to as Marjorie Park. To the contrary, the city acquired title in fee simple absolute with no reference to any park use.
*1257 We therefore conclude that the conveyance to Hickey which referred to the 1924 plat carried only such rights as depicted on that plat, see Flowers at 844, and that neither that plat nor any subsequent plat created a public park on the Marjorie Park parcel. Thus, Hickey has no standing to enjoin the city from altering Marjorie Park. In view of our holding, it is unnecessary to address appellant’s other two points.
Accordingly, we vacate the court’s injunction and direct the trial court to enter a final judgment in favor of the City of Tampa.
CAMPBELL, J., and PATTERSON, DAVID F., Associate Judge, concur.