529 So.2d 1188 (1988)
The CITY OF CORAL GABLES, Florida, a Florida Municipal Corporation, Appellant,
v.
OLD CUTLER BAY HOMEOWNERS CORPORATION, et al., Appellees.
No. 88-143.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Rehearing Denied September 12, 1988.
*1189 Robert D. Zahner, Coral Gables, for appellant.
Daniels and Hicks, P.A., and Angela C. Flowers and Sam Daniels, Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The City of Coral Gables appeals from a permanent injunction enjoining the construction of a fire station on a tract of land acquired by the City through dedication. We affirm based upon our agreement with the trial court's conclusion that the specific language of the dedication bars the proposed fire station.
In June, 1986, the City issued resolution number 25671, announcing its plan to build a fire station on the property located at the entrance to the Old Cutler Bay subdivision, a community of single family homes. The Old Cutler Bay Homeowners Corporation, Inc., and several property owners filed a complaint for injunctive relief to prevent the construction of the fire station. Following a hearing, the trial court entered a permanent injunction against the City, making the following findings of fact and conclusions of law:
1. That the City of Coral Gables accepted the subject property pursuant to a Dedication on March 8, 1965 which Dedication was recorded in Official Records Book 4763 at Page 736 of the Public Records of Dade County, Florida.
2. That the City of Coral Gables accepted the Dedication pursuant to City of Coral Gables Ordinance No. 1463 dated February 23, 1965 which Ordinance accepted the Dedication and the terms, conditions and restrictions contained therein.
3. That the Dedication provided that the property was for the perpetual use of the public and that the five buildings which were on the Dedicated property may be used for municipal purposes and if not so used then removed.
4. That the subject buildings were not used for municipal purposes and were therefore removed from the property.
5. That the Dedication further provided that the remainder of the Dedicated property shall be landscaped and maintained by the municipality in a decorative manner.
6. That the City of Coral Gables has, by City of Coral Gables, Florida, Resolution No. 25671 resolved to commence construction of Fire Station No. 3 on the subject property.
7. That Resolution No. 25671 is in violation of the terms of the Dedication and Ordinance and is inconsistent with the restrictions contained within said Dedication.
The trial court correctly determined that the City could not divert the use of the land for a purpose inconsistent with the terms of the dedication. Kramer v. City of Lakeland, 38 So.2d 126 (Fla. 1948). Once the City elected to demolish the five existing structures on the property, it could not replace them with a fire station without violating the restrictions of the dedication. The City's reliance on City of Tampa v. Hickey, 502 So.2d 1254 (Fla. 2d DCA 1986), rev. denied, 503 So.2d 327 (Fla. 1987), is misplaced because the property at issue in Hickey had not been acquired through dedication. Indeed, the property in that case had been conveyed by a plat which did not specify that the land was to be used for a park. Here, the dedication expressly limited the City's use of the land.
We also disagree with the City's contention that it held fee simple title to the property after the expiration of the twenty-one-year reverter period set forth in section 689.18, Florida Statutes (1987). Section 689.18(5) exempts conveyances to governmental entities from the statute's scope. Moreover, the dedication did not transfer title to the property to the City. "Acceptance of a common law dedication does not pass the fee in land. The interest acquired by the municipality is generally held to be in the nature of an easement, *1190 with the public having a right of user and nothing more." Hollywood, Inc. v. Zinkil, 403 So.2d 528, 537 (Fla. 4th DCA 1981) (quoting Note, Dedication: Rights Under Misuser and Alienation of Lands Dedicated for Specific Municipal Purposes, 7 U.Fla.L.Rev. 82, 83 (1954)). The City correctly asserts that a governmental entity which possesses fee simple title to property may convert the property to nonpublic uses even where the property had been originally acquired through eminent domain. See Mainer v. Canal Authority, 467 So.2d 989, 992-93 (Fla. 1985) (once fee simple title to property taken by governmental entity, whether through condemnation, purchase, or donation, public use of property may be abandoned and property converted to different use without impairment of title). However, the rule advanced by the City does not pertain to property acquired through dedication. Although the City may ultimately build a fire station on the site through the avenue of eminent domain, it may not circumvent such a proceeding by reliance upon the dedication which does not afford the City a fee simple title.
Accordingly, we affirm the permanent injunction entered by the trial court.
Affirmed.