# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1006
Lower Tribunal No. 15-15166
_____

**McCormick Properties of Miami, LLC,**
Appellant,

vs.

**SoMi Homes, LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Hinshaw & Culbertson LLP, and James H. Wyman, for appellant.

León Cosgrove Jiménez, LLP, and Derek E. León, Jordi C. Martínez-Cid and William A. O'Leary, for appellees SoMi Homes, LLC, José Jorge Figueroa, Helena Figueroa, Roman Krislav, Christina Jiménez, and Zamir Iqbal; Weiss Serota Helfman Cole & Bierman, P.L., and Eric P. Hockman and Richard B. Rosengarten, for appellee City of South Miami.

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

Appellant, the plaintiff below, McCormick Properties of Miami, LLC ("McCormick") appeals a May 11, 2022 non-final order that, inter alia, denied McCormick's motion seeking a partial summary judgment on counts I and X[1] of McCormick's ten-count second amended complaint. In count I, McCormick sought a temporary injunction prohibiting appellees, defendants below,[2] "from interfering with the use and maintenance" of an area abutting the east side of S.W. 57th Court in South Miami (the "swale area"). In count X, McCormick sought to eject the SoMi Homeowners from the swale area. We have appellate jurisdiction to review those portions of this non-final order that denied McCormick an injunction, see Fla. R. App. P. 9.130(a)(3)(B), and a right to immediate possession of the swale area, see Fla. R. App. P. 9.130(a)(3)(C)(ii).

## I. Relevant Background

The relevant facts are undisputed. In 1961, Miami-Dade County approved the recordation of a plat containing a total of six lots that are bisected by a fifty-foot-wide right-of-way that runs approximately 170 feet in

---

[1] McCormick's second amended complaint mistakenly labels this tenth count as count IX.

[2] The appellees/defendants are SoMi Homes, LLC, a developer, the City of South Miami, and three sets of neighboring homeowners: Jose Jorge Figueroa and Helena J. Figueroa, Roman Krislav and Christina Jimenez, and Zamir Iqbal (collectively herein, the "SoMi Homeowners").

length. This plat dedicated the right-of-way along with "all existing and future planting trees and shrubbery" for "the perpetual use of the Public for proper purposes." Included in this right-of-way is S.W. 57th Court, along with approximately fifteen feet of swale on either side of S.W. 57th Court. The plat contains a reverter clause terminating the public dedication if the public use of the right-of-way is ever "discontinued by law."

The City of South Miami, in conjunction with approving a development on the three lots on the west side of S.W. 57th Court, entered into a Right of Way Improvement Agreement with SoMi Homes, LLC that required SoMi Homes, LLC to landscape the swale area, which it completed in 2015. McCormick claimed ownership of the swale area. McCormick, contending that SoMi Homes, LLC's landscaping exceeded the scope of the plat's dedication and inhibited McCormick's use of its own property, sought to enjoin what McCormick asserted was a nuisance and to eject the SoMi Homeowners from the swale area.

The parties filed competing summary judgment motions. After conducting a hearing on March 3, 2022, the trial court entered the challenged May 11, 2022 order that, among other things, denied McCormick's claims for a temporary injunction and for ejectment.

## II. Analysis[3]

A. <u>Our Scope of Review</u>

While the trial court's order made several findings and adjudicated several counts of McCormick's operative complaint, our review in this appeal is limited to those portions of the challenged order that are immediately appealable. <u>See</u> <u>Shir Law Grp. v. Carnevale</u>, 306 So. 3d 319, 320-21 (Fla. 3d DCA 2020) (recognizing that appellate jurisdiction extends to only that portion of a non-final order that is appealable under rule 9.130).

Also, the trial court's order made detailed factual findings regarding the ownership of S.W. 57th Court (including the swale area), determining that "the record does not reflect [McCormick] having ownership or a superior right to possession of the [swale area]," and the bulk of the parties' briefing to this Court focuses on this ownership issue. We, however, need not reach or decide this issue in order to determine whether the trial court erred in denying McCormick's injunction and ejectment claims. We therefore express no

---

[3] To the extent that the trial court's order is based on factual findings, we generally would review the injunction order under an abuse of discretion standard. <u>Law Offices of Kravitz & Guerra, P.A. v. Brannon</u>, 338 So. 3d 1022, 1023 (Fla. 3d DCA 2022). Because, however, our review of both the injunction order and the ejectment order hinges on a pure question of law – construing the language of the plat dedication – our review of both the injunction order and the ejectment order is *de novo*. <u>Dirico v. Redland Estates, Inc.</u>, 154 So. 3d 355, 357 (Fla. 3d DCA 2015).

opinion on whether the trial court erred in making its ownership determinations, and nothing in this opinion should be construed to affirm or reject such determinations.

B. Consistency with the Dedication

Because the parties stipulate that any ownership interest of McCormick would be subject to the plat's dedication, and that the right-of-way has not been "discontinued by law" – thus, the plat's reverter clause has not been triggered – we decide only whether the trial court erred in its determination that SoMi Homes, LLC's landscaping of the swale area is consistent with the dedication. To find consistency in these circumstances, we must compare the original owner's intention to dedicate the land to the public for the particular use with the public's acceptance of such a use. See City of Miami Beach v. Miami Beach Improvement Co., 14 So. 2d 172, 175 (Fla. 1943). In its examination of this issue, the trial court found that SoMi Homes, LLC's landscaping of the swale area was consistent with the dedication, as the express language of the plat contemplates "future planting trees and shrubbery" in the dedicated area.

McCormick argues that the extensive landscaping of the swale area has effectively denied McCormick use of the swale area, and therefore, is not for a "proper purpose" as contemplated by the dedication. The problem

5

with McCormick's argument is that it seeks to graft onto the dedication limitations that simply are not there, and, on this record, we cannot conclude that the trial court erred by refusing to enjoin the very landscape improvements that the dedication appears to expressly allow. While certainly not dispositive of the issue, we note also that the City of South Miami Code plainly requires the City to "[p]rovide landscape maintenance for city rights-of-way, swale areas, and other public properties." South Miami, Fla., Code § 2-14(j) (2022).

Assuming McCormick had the ownership interest in the swale area that it alleged, McCormick would be entitled to the equitable relief it sought here only if the use of the dedicated property had become inconsistent with the dedication. See City of Coral Gables v. Old Cutler Bay Homeowners Corp., 529 So. 2d 1188, 1190 (Fla. 3d DCA 1988) (holding that property received by a municipality by dedication cannot be used for a purpose inconsistent with the dedication). Against this backdrop, we cannot say that, as a matter of law, the landscaping of the swale area is inconsistent with the language of the dedication. Accordingly, we find no error in the trial court's denial of both the temporary injunction and the ejectment of the SoMi Homeowners from the swale area.

Affirmed.

6